UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID BELLO,<br><br>           Plaintiff,<br><br>    v.<br><br>CLAUDIA NOYOLA,<br><br>           Defendant. | Case No. 2:23-cv-00827-MMD-BNW<br><br>**SCREENING ORDER AND<br>REPORT AND RECOMMENDATION** |

       Pro se plaintiff David Bello filed a letter with the Court requesting help in obtaining custody over his children. ECF No. 1-1. Bello submitted the affidavit required by 28 U.S.C. § 1915(a)(2) showing an inability to prepay fees or costs or give security for them. As explained below, given this Court does not have jurisdiction over this case it will recommend that the case be dismissed with prejudice. In addition, it will deny the request to proceed in forma pauperis as moot.

**I.    ANALYSIS**

    **A.  Screening standard**

       Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

As mentioned above, Bello filed a letter with the Court requesting help in obtaining custody over his children. While no facts are alleged giving rise to any claims, the Court construes the letter as a request for the Court to invoke jurisdiction over Bello's custody issues.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a).

"Domestic relations is a field particularly suited to state regulation and control and particularly unsuited to control by federal courts." *Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968). In other words, any claims Bello may have will need to be heard by a state court. A court may raise the question of subject-matter jurisdiction sua sponte, and it must dismiss a case if it

determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3). The Court therefore will recommend that this case be dismissed for lack of subject-matter jurisdiction, with no leave to amend as amendment would be futile.

**II.     CONCLUSION**

IT IS THEREFORE RECOMMENDED that Bello's complaint be dismissed with prejudice and that the case be closed.

IT IS FURTHER ORDERED that Bello's Application for Leave to Proceed i*n forma pauperis* (ECF No. 1) is DENIED as moot.

**III.    NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 31, 2023

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE